## Ward, et al. v. Clark.

(Decided June 19, 1928.)

### Appeal from Rockcastle Circuit Court.

1. Appeal and Error.—Alleged errors in admission of evidence will not be considered by reviewing court, in absence from record of objection or exception to trial court's rulings thereon.

2. Bills and Notes.—In assignee's action on note, in which defendants alleged they had made certain payments on note, and that payee was indebted to them for goods sold before assignment, verdict for plaintiff held sustained by the evidence.

3. Appeal and Error.—Verdict of jury will not be disturbed on appeal unless palpably against the evidence.

B. J. BETHURUM for appellants.

S. D. LEWIS for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

On January 1, 1922, appellants executed to John W. Mink a note for $1,250, which passed by assignment to appellee, D. G. Clark. He brought this suit against the makers thereon to recover the balance due on the note, subject to a credit of $575, paid March 12, 1922. The defendants by answer alleged that they had also paid on the note these sums: $125, paid by check March 1, 1923; $470, shown by receipt December 23, 1923, and $57, a store account for goods bought by John W. Mink. All this was before the assignment of the note. On final hearing, the jury found for the plaintiff. The defendants appeal.

It is earnestly insisted for appellant that the court erred in the admission of testimony, but there is in the record no objection or exception to any ruling of the court on the trial in the admission or rejection of evidence. No complaint is made of the instructions of the court to the jury, so the only question presented by the record is: Was the verdict warranted by the evidence?

Mink denied the payment of the $470, or that the receipt produced was signed by him. He also testified that he did not owe the account for merchandise charged, and that the check for $125 was given on another debt. There was considerable testimony sustaining Mink's evidence. In addition to this, it was shown that a bank for some time had held this note as collateral security and had applied to the makers to pay it, and that they made no complaint then that they were entitled to the credits now claimed. There was similar testimony after the note had been assigned by Mink, and it cannot be said therefore that the verdict of the jury is palpably against the evidence. The jury see and hear the witnesses and their verdict will not on the proof be disturbed on appeal unless palpably against the evidence.

Judgment affirmed.